UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Melinda Bonney,

                            Plaintiff,                    **Hon. Hugh B. Scott**

                                                       09CV771A
                  v.

                                                        **Order**


Mt. St. Mary's Hospital,

                            Defendant.
_____

The plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, <u>Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.</u>, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. <u>In re Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following: (1) Whether the indigent's claims seem likely to be of substance; (2) Whether the indigent is able to investigate the crucial facts concerning her claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 392 (2d Cir. 1997); *see also* <u>Hodge

v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001); Abdur-Raqiyb v. Erie County Medical Center, 2006 WL 1800710, at *1 (W.D.N.Y.,2006).

The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. The record reflects that the legal issues presented are not unduly complex and that the plaintiff can adequately prosecute his claim *pro se*. Based on this review, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
January 7, 2010